## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**CHRISTOPHER TAHCHAWWICKAH,**

    **Plaintiff,**

    **v.**                          **CASE NO.  24-3145-JWL**

**MATHEW FENN, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Christopher Tahchawwickah is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

### I.  Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action pursuant to 42 U.S.C. § 1983.  Although Plaintiff is currently incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas, his claims are based on incidents occurring during his detention at the Seward County Jail in Liberal, Kansas ("SCJ").  The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff claims that on December 4, 2023, Defendant Kaelan Martinez filed a report stating that Plaintiff made comments that she interpreted as a direct threat and put her in fear for her safety.  (Doc. 1, at 4.)  Plaintiff alleges that the "false report" stated that Plaintiff called up to the tower that day and after speaking with Martinez, she heard Plaintiff walk away from the speaker and say that he was going to "kill one of those mother fuckers," among other comments about "banging heads into the wall" and "these motherfuckers don't stand a chance."  *Id*. Plaintiff alleges that Martinez spoke with Defendant Mathew Fenn about the incident a day later and Fenn filed a sworn affidavit containing the false allegation of criminal threat.  *Id*. at 4–5.

Plaintiff alleges that a charge for criminal threat was filed in Seward County in Case No. 24-cr-2, and was later dismissed with prejudice.[1]  *Id*. at 2.

Plaintiff alleges that he was placed in segregation "in bad faith without due process" citing *Tahchawwickah v. Seward Cnty. Jail*, Case No. 24-3017.  *Id*.  Plaintiff claims that he was placed in segregation on December 9, 2023, for calling Detention Officer Hall a derogatory name.  *Id*. at 5.  Plaintiff also claims that he was placed in segregation for failure to follow dayroom rules, abusive language toward an officer, and disorderly conduct.  *Id*.  Plaintiff alleges that he was placed in segregation "in bad faith" and without notice or the opportunity to be heard.  *Id*.  Plaintiff alleges that he remained in segregation from December 9, 2023, until May 14, 2024.  *Id*.

As Count I, Plaintiff alleges perjury in violation of K.S.A. § 21-5903 and 18 U.S.C. § 1621.  *Id*. at 18.  Plaintiff alleges that Defendant Fenn submitted false charges of criminal threat under penalty of perjury in Case No. 24-cr-2 in Seward County District Court.  *Id*. at 18. As Count II, Plaintiff alleges that Defendant Fenn kept Plaintiff in segregation without due process or the right to appeal his disciplinary report.  *Id*.   As Count III, Plaintiff alleges false imprisonment based on his placement in segregation for over 150 days in "bad faith."  *Id*. at 19. As Count IV, Plaintiff alleges a violation of his Eighth Amendment rights based on his placement in segregation.  *Id*. at 20.   Plaintiff alleges malicious prosecution under K.S.A. § 25-4162 as Count V.  *Id*.  Plaintiff alleges false imprisonment under K.S.A. § 60-5004 as Count VI. And as Count VII, Plaintiff alleges slander and callous indifference.  *Id*.

Plaintiff names as defendants: Mathew Fenn, SCJ Captain; Kaelan Martinez, SCJ Detention Officer; and the State of Kansas.  Plaintiff seeks punitive damages, "injunctive

---

[1] The Court notes that Plaintiff's claims in 2024-CR-2 were dismissed "as part of the plea in Seward County Case No. 2023-CR-251."  *State v. Tahchawwickah*, Case No. 2024-CR-2 (District Court of Seward County, Kansas) (May 14, 2024 Order of Dismissal).

damages," and $40,000,000 in monetary damages for "emotional distress, P.T.S.D., defamation of character, depression, emotional anguish, [and] slander." *Id*. at 21.

## II. Statutory Screening

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

4

## III.  DISCUSSION

### 1.  Count I

As Count I, Plaintiff alleges perjury in violation of K.S.A. § 21-5903 and 18 U.S.C. § 1621.  These statutes are criminal statutes and do not provide a private cause of action.  "The U.S. Supreme Court has held that '[a] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another' " and "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Escalante v. Escalante*, 2023 WL 395971, at *2 (D. Kan. 2023) (citations omitted) (finding that 18 U.S.C. § 1621 does not create a private cause of action for a private citizen); *see also Bloom v. Selzer-Lippert*, 2009 WL 2766760, at *1 (Kan. Ct. App. 2009) ("Bloom's fraud claim is essentially a claim for perjury, which Kansas does not recognize as a civil cause of action.").  Plaintiff should show good cause why his claims in Count I should not be dismissed for failure to state a claim.

### 2.  Counts II, III, IV, V, and VI

Plaintiff argues in Count II that he was denied due process during his disciplinary proceedings at the SCJ.  It appears that Plaintiff was a pretrial detainee while housed at the SCJ.  "[T]he Fourteenth Amendment 'prohibits *any* punishment' of a pretrial detainee without due process." *Hubbard v. Nestor*, 830 F. App'x 574, 583 (10th Cir. 2020) (unpublished) (citing *Blackmon v. Sutton*, 734 F.3d 1237, 1241 (10th Cir. 2013); *see also Bell v. Wolfish*, 441 U.S. 520, 535 – 37 (1979) (holding that the government may subject a pretrial detainee to restrictions and conditions of confinement without triggering procedural due process protection so long as such measures don't amount to punishment).  "[A] showing of an expressed intent to punish on the part of detention facility officials"—standing alone—is sufficient to demonstrate "the

disability is imposed for the purpose of punishment." *Id*. (citing *see Bell*, 441 U.S. at 538, 99 S.Ct. 1861; *see also Blackmon*, 734 F.3d at 1241).

"Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." *Bell*, 441 U.S. at 540. "[I]n addition to ensuring the detainees' presence at trial, the effective management of the detention facility once the individual is confined is a valid objective that may justify imposition of conditions and restrictions of pretrial detention and dispel any inference that such restrictions are intended as punishment." *Id*. The Supreme Court has warned that these decisions "are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." *Id*. at 540, n.23 (citations omitted).

Plaintiff alleges false imprisonment (Count III) and an Eighth Amendment violation (Count IV) based on his placement in segregation. Plaintiff alleges malicious prosecution as Count V, and false imprisonment as Count VI. Plaintiff brought some of these same claims in a prior case in this Court. *See Tahchawwickah v. Hernandez*, Case No. 24-3017-JWL (D. Kan.) (dismissed April 10, 2024, for failure to state a claim). In that case, the Court held in its April 10, 2024 Memorandum and Order as follows:

> In Count II, Plaintiff alleges "wrongful/false imprisonment" in violation of the Fourth Amendment, arguing that the criminal threat charge was brought due to Defendants Fenn and Martinez' false statements. But it is clear that Plaintiff's detention at the SCJ was not only because of the criminal threat charge. Prior to the events that lead to the criminal threat charge, Plaintiff was

> detained at the SCJ on a criminal case filed in 2023, in which he is charged with attempted second-degree murder, battery against a law enforcement officer, criminal threat, and criminal damage to property. *See Tahchawwickah I*, Doc. 27, p. 3. That state criminal matter is ongoing and Plaintiff has not been granted release in that matter. Simply put, Plaintiff cannot make a plausible claim of false imprisonment based on the 2024 criminal threat charge when he would have been imprisoned even if the 2024 criminal threat charge never existed. *See McIntosh v. Messina*, 2013 WL 1767801, *4 (D. Kan. April 24, 2013) (unpublished) (finding failure to state a claim of false imprisonment where the allegedly fabricated charge—assault on a federal officer—was not the only reason for the plaintiff's detention).
>
> Thus, even taking all of the facts alleged in the second amended complaint as true, Plaintiff has failed to state a plausible claim of false imprisonment. The Court concludes that allowing Plaintiff the opportunity to further amend Count II would be futile because it is obvious that Plaintiff cannot prevail on his false imprisonment claim. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) ("Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."). Count II will be dismissed without prejudice for failure to state a claim on which relief can be granted.

*Id*. at Doc. 12, at 9–10.

The Court also rejected Plaintiff's Eighth Amendment claim that he was subjected to cruel and unusual punishment when he was placed in segregation due to the false charge of criminal threat. *Id*. at 10–12. The Court held that:

> Plaintiff's contention that the criminal threat charge against him is based on false allegations by Defendant Martinez' could be liberally construed as an argument that his placement in segregation was motivated by bad faith. But Plaintiff also states in the second amended complaint that he was placed in segregation because of his failure to follow day room rules, disobeying a direct order, abusive language toward an officer, and disorderly conduct. Thus, even taking all the facts alleged in the second amended complaint as true, Plaintiff has not alleged a plausible claim that his placement in segregation was motivated by bad faith and for no legitimate purpose. Therefore, Plaintiff's Eighth Amendment claim is subject to dismissal without prejudice for failure to state a claim on which relief can be granted.

*Id*. at 11–12.

Plaintiff alleges again in the instant case that he was placed in segregation in "bad faith." Plaintiff acknowledges in his Complaint that he was placed in segregation for abusive language toward an officer, disorderly conduct, and for not following dayroom rules. (Doc. 1, at 5.) He also fails to describe his conditions while housed there. The Court found in Case No. 24-3017 that Plaintiff failed to describe "the conditions he has endured in segregation, or lockdown, other than being denied a tablet and being allowed limited law library access." *Tahchawwickah*, Case No. 24-3017-JWL, Doc. 12, at 11–12 (D. Kan.). The Court held that "Plaintiff has the burden of alleging conditions sufficiently serious so as to deprive him of the minimal civilized measure of life's necessities or subject him to a substantial risk of serious harm." *Id*. at 12.

These same claims are subject to dismissal for the reasons set forth in the Court's Memorandum and Order in Case No. 24-3017 cited above. Plaintiff should show good cause why his claims in Counts II, III, IV, V, and VI should not be dismissed for failure to state a claim.

In addition, Plaintiff is no longer housed at the SCJ, therefore any request for injunctive relief is moot. Furthermore, Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e).

### 3. Count VII

Plaintiff alleges slander and callous indifference as Count VII. Claims for slander and

defamation are state law claims, and "callous indifference" does not rise to the level of a federal constitutional violation.   *See Marcus v. Swanson*, 317 Kan. 752, 755–56 (2023) (noting that in Kansas defamation developed as part of the common law and has two variants—libel and slander).

Negligence does not support a claim under § 1983.   Negligence is a state law claim and does not supply grounds for a constitutional cause of action.   Claims under § 1983 may not be predicated on mere negligence.   *See Daniels v. Williams*, 474 U.S. 327, 330 (1986).   It is well-settled that state law violations are not grounds for relief under § 1983. "[A] violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) (citation omitted). This Court is not obliged to exercise supplemental jurisdiction over any state law claims, even if valid, given that Plaintiff has failed to allege a federal claim. *See* 28 U.S.C. § 1367(c)(3); *Loggins v. Norwood*, 854 F. App'x 954, 957 (10th Cir. 2021) (unpublished) (affirming district court's decision declining to exercise supplemental jurisdiction over plaintiff's remaining state-law claims alleging slander and defamation).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **November 8, 2024,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated October 8, 2024, in Kansas City, Kansas.**

S/  John W. Lungstrum
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**