IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER TAHCHAWWICKAH,

    **Plaintiff,**

    v.                                              CASE NO. 24-3145-JWL

MATHEW FENN, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. Although Plaintiff is currently incarcerated at the Norton Correctional Facility in Norton, Kansas, his claims are based on incidents occurring during his detention at the Seward County Jail in Liberal, Kansas ("SCJ"). The Court granted Plaintiff leave to proceed in forma pauperis. On October 8, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 11) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's responses (Docs. 12, 14, 15, 16). The underlying facts and the Court's screening standards are set forth in detail in the MOSC.

The Court found in the MOSC that Plaintiff's perjury claims are based on criminal statutes and do not provide a private cause of action. The Court also found that Plaintiff's remaining claims were subject to dismissal for the reasons set forth in the Court's Memorandum and Order in Case No. 24-3017, where he raised the same claims.

Plaintiff's responses only address his due process claim in Count II regarding his placement in segregation. Plaintiff alleges that he was placed in segregation "in bad faith without due process" citing *Tahchawwickah v. Seward Cnty. Jail*, Case No. 24-3017. In his response, Plaintiff continues to argue that his criminal threat charge was dismissed in state court.

1

(Doc. 12, at 3.)  Plaintiff attaches Captain Fenn's affidavit in which het sets forth the alleged December 4, 2023 threat to a female officer at the SCJ.  (Doc. 15–1.)  The affidavit provides that the female officer stated that her knowledge of the pending charges against Plaintiff (Attempted Murder and Aggravated Criminal Threats to Corrections Officers X 5) added to her feelings of fear for her and the other officers' safety.  *Id*.

Plaintiff acknowledges that he was placed in segregation at the SCJ for calling a detention officer a derogatory name, failure to follow dayroom rules, abusive language, and disorderly conduct.[1]  (Doc. 14, at 1; Doc. 16, at 1.)  The Court noted in the MOSC that although Plaintiff alleges that the charge for criminal threat was dismissed with prejudice, the charges in 2024-CR-2 were dismissed "as part of the plea in Seward County Case No. 2023-CR-251." *State v. Tahchawwickah*, Case No. 2024-CR-2 (District Court of Seward County, Kansas) (May 14, 2024 Order of Dismissal).

Plaintiff is clearly aware of why he was placed in segregation.  In several of his pleadings he lists the reasons.  However, he continues to argue that his due process rights were violated because he did not receive a "write-up" for his alleged disciplinary actions.[2]  (Doc. 14, at 1–2; Doc. 16, at 1.)  Plaintiff states that "the Defendants wrote false reports to keep the Plaintiff in segregation due to the violation of inmates' rights and Plaintiff is the only one smart enough to speak out about the jail's corruption against Mental Health and Transient inmates. . .."  (Doc. 14, at 3–4; Doc. 16, at 3–4.)

---

[1] Plaintiff does not allege that he was placed in *disciplinary* segregation.  He states that "[i]nmates placed in administrative segregation for non-punitive reasons are also entitled to meaningful reviews of their detention . . . [m]eaningful due process includes advising the inmate of the reason it was believed he posed a threat to security."  (Doc. 1, at 6.)  He also includes what appears to be regulations under the heading "Administrative Segregation & Grievance."  *Id*. at 12.

[2] Plaintiff does not make claims regarding his conditions while housed in segregation.

The Court found in the MOSC that "the Fourteenth Amendment 'prohibits *any* punishment' of a pretrial detainee without due process." *Hubbard v. Nestor*, 830 F. App'x 574, 583 (10th Cir. 2020) (unpublished) (citing *Blackmon v. Sutton*, 734 F.3d 1237, 1241 (10th Cir. 2013); *see also Bell v. Wolfish*, 441 U.S. 520, 535–37 (1979) (holding that the government may subject a pretrial detainee to restrictions and conditions of confinement without triggering procedural due process protection so long as such measures don't amount to punishment). "[A] showing of an expressed intent to punish on the part of detention facility officials"—standing alone—is sufficient to demonstrate "the disability is imposed for the purpose of punishment." *Id*. (citing *see Bell*, 441 U.S. at 538, 99 S. Ct. 1861; *see also Blackmon*, 734 F.3d at 1241).

Plaintiff has not shown that he was placed in segregation for the purpose of punishment. Plaintiff's allegations suggest that he was placed in segregation for managerial/safety reasons. *See Ellis v. Denver Cnty. of City*, 2024 WL 3950932, at *18 (D. Colo. 2024). "Ensuring security and order at the institution is a permissible nonpunitive objective, whether the facility houses pretrial detainees, convicted inmates, or both." *Bell*, 441 U.S. at 561 (citation omitted). "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." *Bell*, 441 U.S. at 540. "[I]n addition to ensuring the detainees' presence at trial, the effective management of the detention facility once the individual is confined is a valid objective that may justify imposition of conditions and restrictions of pretrial detention and dispel any inference that such restrictions are intended as punishment." *Id*. The Supreme Court has warned that these decisions "are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials

have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." *Id.* at 540, n.23 (citations omitted).

Plaintiff cites Kansas Administrative Procedures—K.A.P. 44-13-505 and K.A.P. 44-13-403—regarding disciplinary proceedings. *See* Doc. 12, at 2; Doc. 12–1. However, the procedures apply to inmates held in KDOC custody. Plaintiff was in custody at the SCJ.

Plaintiff seeks punitive damages, "injunctive damages," and $40,000,000 in monetary damages for "emotional distress, P.T.S.D., defamation of character, depression, emotional anguish, [and] slander." (Doc. 1, at 21.) Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). Plaintiffs also seeks punitive damages, which "are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Searles v. Van Bebber*, 251 F.3d 869, 879 (10th Cir. 2001) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind.

Although Plaintiff does not specify what "injunctive damages" he is seeking, any request for injunctive relief is moot. Plaintiff is no longer in custody at the SCJ. He was transferred to KDOC custody a few days after he filed his Complaint. The Tenth Circuit has held that an inmate's transfer from one prison to another generally renders moot any request for injunctive

relief against the employees of the original prison concerning the conditions of confinement. *See Green v. Branson*, 108 F.3d 1296, 1299–1300 (10th Cir. 1997); *see also Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (inmate's release from prison moots his claims for declaratory and injunctive relief); *McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (recognizing prisoner's release from prison mooted his § 1983 claim for injunctive relief); *Love v. Summit County*, 776 F.2d 908, 910 n.4 (10th Cir. 1985) (noting transfer of inmate to different prison renders his § 1983 claim for injunctive relief moot).

Plaintiff has failed to show good cause why his claims should not be dismissed for the reasons set forth herein and in the Court's MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated December 9, 2024, in Kansas City, Kansas.**

S/ John W. Lungstrum
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**